[842 NYS2d 461]

In the Matter of HERBERT M. KUSCHNER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 11, 2007

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Matthew Renert* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated March 9, 2007, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i) upon a finding that he was guilty of professional misconduct immediately threatening the public interest in that he failed to submit an answer to complaints and to comply with the requests of the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) made in connection with a lawful investigation. In that decision and order on motion, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a petition dated October 31, 2006, the respondent was directed to answer the petition within 20 days after service upon him of a copy of the March 9, 2007, order, and the issues raised were referred to the Honorable Fred L. Shapiro, as Special Referee to hear and report.

The Grievance Committee now moves for an order imposing discipline upon the respondent based upon his failure to file an answer to the petition within 20 days of his receipt, deeming the charges against him to be established, and striking his name from the roll of attorneys and counselors-at-law.

The petition contains 12 charges of professional misconduct against the respondent, including neglect of legal matters. The petition was annexed to the order to show cause seeking the respondent's interim suspension, both of which were served on the respondent on November 9, 2006. On March 27, 2007, the respondent was personally served with a copy of this Court's March 9, 2007, decision and order on motion suspending him from the practice of law pending further order and authorizing the institution and prosecution of a disciplinary proceeding.

The respondent's answers to the charges contained in the petition should have been served and filed on or before April 17, 2007. However, the respondent failed to serve an answer to the petition as directed by the Court.

Although the Grievance Committee served the respondent by mail with a copy of the motion to impose discipline upon him based upon his default on April 25, 2007, he failed to serve any response.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, SCHMIDT, MASTRO and COVELLO, JJ., concur.

Ordered that the motion to impose discipline upon the respondent, Herbert M. Kuschner, upon his default is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Herbert M. Kuschner, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Herbert M. Kuschner, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Herbert M. Kuschner, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Herbert M. Kuschner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).